1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *
                                         )
9  RIGHTHAVEN LLC, a Nevada limited-      )
   liability company,                     )
10                                        )        2:11-CV-00719-LRH-RJJ
                          Plaintiff,      )
11                                        )
    v.                                    )        ORDER
12                                        )
   GUNNER'S ALLEY, LLC., a North Carolina )
13 limited-liability company; AFFORDABLE  )
   HUNTING TRIPS, an entity of unknown    )
14 origin and nature; and BRADFORD JUSTUS,)
   an individual,                         )
15                                        )
                          Defendants.     )
16 _____)

17        Before the court is Plaintiff Righthaven LLC's ("Righthaven") Omnibus Response (#8) to

18 this court's June 28, 2011 Order to Show Cause (#7) why this case should not be dismissed for lack

19 of standing.

20 **I.    Facts and Procedural History**

21        This is one of several copyright infringement actions on the court's docket brought by

22 Righthaven.  In each case, Righthaven alleges that it is the owner of the copyright in and to works

23 originally published in the Las Vegas Review-Journal, and that the defendants' activities infringed

24 on Righthaven's exclusive rights in the works—specifically, the rights of reproduction, preparation

25 of derivatives, distribution, and public display, pursuant to 17 U.S.C. § 106(1)-(3) and (5).  Also in

26 each case, Righthaven has attached to its  complaint either a copyright registration or application

for copyright registration as evidence of its ownership in the work.  In all cases, Stephens Media LLC ("Stephens Media") is identified as the author, and the assignment to Righthaven was originally made pursuant to a January 18, 2010 Strategic Alliance Agreement ("SAA"), which generally governed the relationship between the two parties with regard to the assignment of rights originally owned by Stephens Media.

Since the assignment was made and Righthaven filed its complaint, Righthaven and Stephens Media have executed two amendments to the SAA: first, a May 9, 2011 Clarification and Amendment to Strategic Alliance Agreement (the "Clarification"); and second, a July 7, 2011 Amended and Restated Strategic Alliance Agreement ("Restated Amendment").  The Clarification was executed after each of Righthaven's complaints were filed.  And the Restated Amendment followed decisions by other courts in this district finding that Righthaven lacked standing to pursue copyright infringement claims based on assignments made under the original SAA because "the SAA prevents Righthaven from obtaining any of the exclusive rights necessary to maintain standing in a copyright infringement action." *Righthaven LLC v. Democratic Underground, LLC*, 791 F. Supp. 2d 968, 976 (D. Nev. June 14, 2011) (Hunt, C.J.); *accord Righthaven, LLC v. Hoehn*, 792 F. Supp. 2d 1138, 1146-47 (D. Nev. June 20, 2011) (Pro, J.).  Additionally, in *Hoehn*, the court held that even if the May 9, 2011 Clarification were considered, it "does not correct the deficiencies with respect to lack of standing" and "does not provide Righthaven with any exclusive rights necessary to bring suit." *Hoehn*, 792 F. Supp. 2d at 1147.

Based on these decisions, on June 28, 2011, this court entered a Order to Show Cause (#7) why this court should not dismiss for lack of standing this and nine other materially identical Righthaven actions that, when filed, were based on assignments under the original SAA.  On July 8, 2011, Righthaven filed its Omnibus Response (#8), along with an Amended Complaint (#12) to allege standing under the Clarification and the Restated Amendment.

## II. Legal Standard

Standing to sue is an indispensable part of a federal court's Article III jurisdiction and must be addressed by the court even if the parties fail to raise it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *FW/PBS*, 493 U.S. at 231 (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)) (brackets in original). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Questions of subject matter jurisdiction may be considered on either a facial or factual basis. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a factual attack, the district court need not presume the truthfulness of the plaintiff's allegations and may consider evidence beyond the pleadings. *Id.*

## III. Discussion

Section 501(b) of the 1976 Copyright Act establishes that only the owner or beneficial owner of an exclusive right under a copyright law is entitled, or has standing, to sue for infringement. *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005); 17 U.S.C. § 501(b). Although exclusive rights may be transferred and owned separately, Section 106 of the Act defines and limits those exclusive rights under copyright law. *Silvers*, 402 F.3d at 884-85; 17 U.S.C. § 106. Accordingly, the assignment of a bare right to sue is ineffectual because it is not one of the exclusive rights. *Silvers*, 402 F.3d at 884-85. Moreover, transfer solely of the right to sue does not confer standing on the assignee because the right to sue is not one of the exclusive rights.

1   *Id*. at 890.  One can only obtain a right to sue on a copyright if the party also obtains one of the

2   exclusive rights in the copyright.  *See id.*

3          As noted above, courts in this district have found that the SAA does not confer Righthaven

4   standing to sue for copyright infringement because the SAA deprives Righthaven of any of the

5   rights normally associated with ownership of an exclusive right and grants Righthaven only the

6   bare right to sue.  *Hoehn*, 792 F. Supp. 2d at 1146-47; *Democratic Underground*, 791 F. Supp. 2d

7   at 976; *accord Righthaven LLC v. Newman*, 2011 WL 4762322, *2-3 (D. Nev. 2011) (Mahan, J.).

8   This court concurs with these well-reasoned decisions and concludes that Righthaven lacks

9   standing to sue based on assignments of copyrights made pursuant to the SAA.

10          The court further rejects Righthaven's argument that the Clarification and the Restated

11   Amendment, both executed after the initiation of this lawsuit, confer standing to sue.  Neither of

12   these two amendments can create standing because "[t]he existence of federal jurisdiction

13   ordinarily depends on the facts as *they exist when the complaint is filed*."  *Lujan*, 504 U.S. at 570

14   n.4 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)) (emphasis in

15   *Lujan*).  Although a court may allow parties to amend defective allegations of jurisdiction, the

16   parties are not permitted to amend the facts themselves.  *Newman-Green*, 490 U.S. at 830-31.

17   Thus, the court will not consider the amendments to the SAA, and will consider only the actual

18   assignment and language of the SAA as it existed at the time the complaint was filed.

19          Because the SAA does not confer standing to sue, as analyzed by the courts in this district,

20   this action shall be dismissed for lack of subject-matter jurisdiction.  Additionally, Righthaven's

21   amended complaint, filed as a matter of right, shall be disregarded because Righthaven seeks to add

22   facts that did not exist at the time this action was initiated—namely to allege standing under the

23   Clarification and the Restated Amendment.

24          IT IS THEREFORE ORDERED that this action is hereby DISMISSED for lack of subject

25   matter jurisdiction.

26

4

The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 1st day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE